# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROUT HANDIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MARK SCOTT SHEPARD, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-01280-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE DISPOSITIONAL DOCUMENTS BY COURT ORDERED DEADLINE<br><br>(ECF No. 31)<br><br>**DEADLINE: FEBRUARY 9, 2024** |

　　　　On January 25, 2024, Plaintiff filed a notice of settlement of this action and requested that the Court grant Plaintiff until February 1, 2024 to file dispositional documents. (ECF No. 30.) The Court found good cause to set the deadline on February 1, 2024, as requested. (ECF No. 31.)

　　　　The deadline to file dispositional documents has now expired and the parties have not done so, nor requested an extension of time from the Court.  Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000).  The Court shall require the parties to show cause why sanctions should not issue for the failure to file dispositional documents in

compliance with the Court's order issued January 26, 2024.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall show cause in writing **no later than February 9, 2024**, why sanctions should not issue for the failure to file dispositional documents as required by the January 26, 2024, order (ECF No. 31); and

2. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **February 5, 2024**

UNITED STATES MAGISTRATE JUDGE